HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR WEST,

    Plaintiff,

  v.

BRUCE and RHONDA HILYER, et al,

    Defendants.

Case No.C10-5395RBL

ORDER DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE

  THIS MATTER is before the Court on the following Motions: Defendant Association of Washington Cities' Motion to Dismiss Plaintiff's Counterclaim [Dkt. #22]; Defendant Hilyer's Motion for Summary Judgment [ Dkt. # 23] and Plaintiff's Motion to vacate [Dkt. #31]. This Order follows the Court's prior Order denying Plaintiff's efforts to dismiss his claims without prejudice in the face of a dispositive Motion [Dkt. #28].

  AWC's Answer included a claim for attorneys fees under RCW 4.84.185 and/or 42 USC §1988. [Dkt. 3 10]. West in turn filed an Answer to that claim, asserting apparently that he is immune from such a suit under Washington's SLAPP lawsuit statute, RCW 4.24.510. [Dkt. #20]. He seeks dismissal of the claim and

ORDER
Page - 1

$10,000.  AWC's motion seeks to dismiss Plaintiff's "SLAPP counterclaim" [Dkt. #22].  Mr. West's Response on this point cites Dred Scott v. Sanford, 60 U.S. 393 (1857) and apparently compares himself and his fellow citizens to slaves.  The anti-SLAPP statute and the public policy behind it do not immunize Mr. West or any other litigant from potential liability for filing frivolous lawsuits.  Without determining that the lawsuit is frivolous, the claim   AWC's Motion to dismiss Plaintiff's "counterclaim" (arising out of their frivolous lawsuit counterclaim) is GRANTED.  Plaintiff's Anti-SLAPP suit claim is DISMISSED.

This is (at least) the third lawsuit in a related series.  West sued Thurston County and the AWC.  The Thurston County judges all recused themselves, and King County Superior Court Judge Bruce Heller was assigned as a visiting judge.  West promptly sued Judge Heller, he recused himself, and Judge Bruce Hilyer was assigned to the *West v. Thurston County and AWC* matter.  The *West v. Heller* matter was removed to this court and assigned to Judge Settle.  Judge Settle Dismissed Plaintiff's claims.  He also made a substantive finding that Mr. West is a vexatious litigant, and entered a pre-filing order restricting Mr. West's ability to sue certain defendants, on September 1, 2010 (three months after this case was filed).  [*See* Cause No. 10-5275BHS, Dkt. #59].  West has apparently appealed that ruling.

King County and Superior Court Judge Bruce Hilyer now seek Summary Judgment on West's claims against them. [Dkt. #23] They argue that Judge Hilyer is entitled to judicial immunity on many of the claims, that West's due process claims are insufficient as a matter of law (as they were in the related West v. Heller case), and that his ADA claim is without legal or factual support.  They seek Dismissal of West's RICO claims, and argue West has failed as a matter of law to establish King County's Municipal liability.

West's response is based primarily on his claim that the "visiting judge" procedure is a violation of his Constitutional rights, and from this position he argues that the other defendants are liable as well.  He does not address his ADA or RICO claims.

The plaintiff's claims, arising out of the appointment of a visiting judge when all in-county judges recuse themselves, are legally and factually insufficient as a matter of law. The King County Defendants' Motion for Summary Judgment is GRANTED, and Plaintiff's claims against these Defendants are DISMISSED WITH PREJUDICE.

Plaintiff West's "Motion to Vacate" [Dkt. #31] takes issue with the court's prior characterization of him as a "frequent filer." Mr. West's extensive litigation history in this court and this state (as outlined in Judge Settle's Order, for example) speaks for itself.

West also seeks recusal, though he does not cite any legal or factual basis for it. A judge's rulings and expressions of opinion rarely create a valid basis for recusal under 28 U.S.C. §455(a). *Liteky v. United States*, 510 U.S. 540 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*. at 555.

The Plaintiff has made no showing under either 28 U.S.C. §144 or 28 U.S.C. §455 of any bias or any appearance of bias on the part of Judge Leighton. Plaintiff has offered no evidence to show that Judge Leighton's ruling was biased in any way, and the statements in his motion are irrational, irrelevant, and insulting. They in no way support his assertion. The Motion is DENIED.

Plaintiff's Claims against the King County Defendants are DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated this 10th day of December, 2010.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 3