HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARTHUR WEST, <br><br> Plaintiff, <br><br> v. <br><br> BRUCE and RHONDA HILYER, as a marital community and as individuals, AGREEMENT DYNAMICS, THE ASSOCIATION OF WASHINGTON CITIES, ERICK JOHNSON, MARTI MAXWELL, THURSTON COUNTY AND KING COUNTY COURTS AND COURT ADMINISTRATORS, KING COUNTY, KAREN VALENZUELA, KATHY WOLFE, SANDRA ROMERO, <br><br> Defendants. | No. 10-05395 RBL <br><br> ORDER GRANTING DEFENDANT ASSOCIATION OF WASHINGTON CITIES'S MOTION FOR SUMMARY JUDGMENT <br> [Dkt. # 36] |

THIS MATTER comes before the Court on Defendant Association of Washington Cities's Motion for Summary Judgment [Dkt. #36]. For the following reasons, the motion is GRANTED.

**I.   FACTS**

This action stems from Arthur West's prior Thurston County lawsuit against Defendant AWC. *See West v. AWC. et al*, Thurston Co. Sup. Ct. No. 07-2-02399-0. That case was assigned to Judge Bruce Heller, who recused himself after West filed yet another lawsuit, naming Judge Heller as a defendant. The case was then re-assigned to King County Judge Bruce

ORDER - 1

W. Hilyer. Among other claims, West alleged that ACW violated the Washington Public Records Act (PRA) in failing to produce records at his request, arguing AWC is a public agency required to do so under the PRA. Judge Hilyer granted West's request for a declaratory judgment that the AWC is the "functional equivalent" of a public entity. AWC appealed that ruling to the Washington State Court of Appeals, where a final decision is pending. Judge Hilyer dismissed West's remaining claims.

West now seeks from this Court a second declaratory judgment that the AWC is the "functional equivalent" of a public entity, as well as a declaratory judgment that the PRA is unconstitutional as a matter of law. West also alleges that that AWC has engaged in conspiracy and collusion resulting in unfavorable court rulings against him, committed wire fraud, mail fraud, racketeering, violated the Americans with Disabilities Act, his civil rights, and that he is entitled to punitive damages. AWC seeks summary judgment, arguing each claim is legally and factually baseless.

## II. DISCUSSION

### A. Plaintiff's request for a declaratory ruling that AWC is the "functional equivalent" of a state agency is duplicative of the prior state case.

In the underlying case, Judge Heller ruled that the AWC is the "functional equivalent" of a state agency. AWC has appealed that ruling to the state appellate court. It appears that West seeks to preempt the pending decision by seeking a duplicative declaratory judgment ruling from this Court on the same issue, apparently frustrated that "AWC continues to improperly maintain and assert that it is a private entity." [Pl. West's Reply, Dkt. #45, at p. 1].

The *Rooker-Feldman* doctrine prohibits this Court from reviewing state court rulings. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S. Ct. 149, 68 L.Ed. 362 (1923) ("If the [state court's] decision was wrong, that did not make the judgment void, but merely [leaves] it

ORDER - 2

open to reversal or modification. . . .Unless and until so reversed or modified, it [is] an effective and conclusive adjudication."); *See also District Court of Columbia v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 75 L.Ed.2d 206 (1983) (A "United States District Court is without authority to review final determinations of [a state court] in judicial proceedings."). Moreover, res judicata prohibits West from relitigating any final court order. Defendant's Motion for Summary Judgment on Plaintiff's Declaratory Judgment claim that the AWC is the "functional equivalent" of a state agency is GRANTED, and the claim is DISMISSED WITH PREJUDICE.

**B. Plaintiff has failed to establish that Washington Public Records Act is unconstitutional as a matter of law.**

West seeks a declaratory ruling that the Public Records Act, RCW 42.56, is unconstitutional. In response to Defendant's Motion, West provides no legal or factual support for this claim. Defendant's Motion for Summary Judgment on the Plaintiff's Declaratory Judgment PRA claim is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

**C. Plaintiff has failed to establish that Defendant AWC violated the American Disabilities Act.**

West claims that AWC denied him "the ability to reasonably prepare for trial, as part of their scheme and artifice to defraud," thereby violating the American Disabilities Act, 42 U.S.C. §12101, and entitling him to $1,000,000 in damages. [Complaint, Dkt. #1, at p. 9, 11]. To support a claim under the ADA, West must show: (1) that he is disabled within the meaning of the ADA; (2) that the defendant is a private entity operating a place of public accommodation; and (3) that he was denied public accommodations because of that disability. West argues that his "flexor carpi radialis tenditis" qualifies as a disability, and that Thurston County denied him "accommodation" at the "in stigation [sic] of the AWC." [Reply, Dkt. #45, at p. 2]. He does not allege that AWC is a private entity. Even the most generous reading of his unintelligible

ORDER - 3

accusations does not establish the required elements.  Defendant's Motion for Summary Judgment on Plaintiff's ADA claim is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

**D. Plaintiff has not met his summary judgment burden of establishing that the Defendant ACW violated his constitutional rights.**

West claims that AWC violated his constitutional rights when "the counsel for AWC arranged for judicial transfer" of his underlying case to King County.  He claims this entitles him to $1,000,000 in damages.  [Reply, Dkt. #45, at p. 3; Complaint, Dkt. #1, at p. 11].  West provides no evidence that AWC played any role in the transfer, and no legal support for the claim that transferring the case to another county violated his due process rights.  Defendant's Motion for Summary Judgment on Plaintiff's constitutional rights claim is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

**E. Plaintiff has failed to establish that Defendant engaged in "racketeering" activities.**

West claims that AWC committed mail fraud, wire fraud, and obstruction of justice.  These acts are considered "racketeering activity" under the Racketeer Influence and Corrupt Organizations Act (RICO) 18 U.S.C. §1962.  Any cause of action under RICO requires the plaintiff to allege specific harm to his business or property interest.  *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005) ("Without a harm to a specific business or property interest . . . there is no injury within the meaning of RICO.").  In addition to his complete failure to articulate the acts of which he complains and to provide any evidence of them, West also fails to allege a specific injury stemming from Defendant's alleged "racketeering scheme."   [Complaint, Dkt. #1, at p. 6]. Defendant's Motion for Summary Judgment on Plaintiff's RICO claim is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

**F. Plaintiff has not shown that Defendant violated any of Plaintiff's civil rights, and does not establish that he is entitled to punitive damages.**

West claims that AWC owes him $1,000,000 in punitive damages for generally violating his civil rights. [Complaint, Dkt. #1, at p. 11]. West fails to specify any facts that would support this broad claim, and fails to plead any recognized cause of action that would entitle him to punitive damages. Defendant's Motion for Summary Judgment on Plaintiff's claim for punitive damages is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

### III.  CONCLUSION

Plaintiff has failed to provide any evidence in support of any of his claims against AWC. He has failed to provide legal or factual support for any of the claims, and each fails as a matter of law. Defendant AWC's Motion for Summary Judgment [Dkt. # 36] is GRANTED, and Plaintiff's claims are DISMISSED, in their entirety, WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated this 15th day of June, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE